James A. KOEPKE, Appellant,

v.

Andres MARTINEZ, Nora Maribel Martinez, and Maria G. Martinez, Individually and as Next Friend of Andres Martinez, Jr. And Claudia Martinez, Appellees.

No. 13–01–433–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 19, 2002.

D. Allan Erwin, Jr., Brownsville, and Martin J. Phipps, San Antonio, for James A. Koepke.

Francisco J. Enriquez, Edinburg, and Roberto D. Puente, for Andres Martinez.

## DISSENTING OPINION ON MOTION FOR REHEARING EN BANC

Dissenting Opinion by Justice DORSEY.

I believe the panel seriously erred in holding there was no duty owed by the defendant/appellant Koepke to the plaintiffs below in the circumstances of this case. This court should grant rehearing en banc.

Koepke sold a chinese fighting dog, a Shar-pei, to Teresa Canales. Canales was unable to pick the dog up from Koepke personally, so her employee Maria Martinez, a plaintiff here, paid Koepke, got the dog and took it to Martinez's house for a day or so. The next day the dog attacked her husband, Andres Martinez, while he was trying to feed it. Andres testified the

dog knocked him to the ground, bit him in the chest and hand and tried to bite his throat. There was evidence the animal had been involved in attacks before, and Koepke did not warn Canales or Martinez of its aggressive tendencies. The jury found Koepke sixty percent negligent and Andres forty percent negligent. The panel reverses the cause and renders a take nothing against the plaintiffs holding that there was no duty owed by Koepke to the plaintiffs, because Koepke, at the time of the attack, was neither the owner nor handler of the dog, nor did the attack occur on Koepke's property. I believe this is too narrow a reading of the principles of tort law.

The determination of duty is always a threshold issue, and it is determined by the facts of the case as a matter of law. *Greater Houston Transportation Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The basic duty in negligence actions is for one to act as a reasonably prudent person would under the circumstances. The jury in this case was charged with that instruction (" 'Negligence' means failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.") Armed with that definition, the jury found both Koepke and Martinez negligent, although Koepke's negligence was sufficient to impose liability.

In the Phillips case, the Supreme Court discussed the situations in which the court has imposed a duty on persons to protect third parties, saying "These cases involve a straightforward application of the Palsgraf rule; '[t]he risk reasonably to be perceived defines the duty to be obeyed ....' " citing *Palsgraf*[1]. "The rule defines the parameters of the concept of duty found in modern tort law. See Kilgarlin & Serba Boatwright, recent *Evolution of Duty in Texas,* 28 S.Tex.L.Rev. 241, 249 (1986). *Thus, before liability will be imposed, there must be sufficient evidence indicating that the defendant knew or should have known that harm would eventually befall a victim.* Absent such a showing, a defendant is absolved of liability." Phillips, 526. emphasis added.

This is not a case in which harm eventually befell a victim. Rather, the victim was attacked the day after Martinez took possession of the dog from Koepke for Canales. It is undisputed that the seller did not tell Martinez or Canales that the breed of dog was known as chinese attack dogs, or its propensity for aggressive behavior. Although Koepke denied knowing of any prior incident of such aggression, veterinary records tended to show the dog had been wounded before, although that had not been disclosed by Koepke.

The court errs when it states as a matter of law, "Because Koepke was neither the owner, nor the handler, of Jackie Chan at the time of the incident, he owed no duty to appellees." Koepke had owned the dog and had just recently sold him. Surely there is a duty to disclose dangerous propensities of an animal to one who takes custody of him who has no reason to believe the dog will attack.

Rehearing en banc should be granted and the jury verdict and judgment should be affirmed.

Joined by Justices HINOJOSA and YAÑEZ.

---

**1.** *Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 162 N.E. 99, 100 (1928).